**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1407
_____

HEA THAI,
              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-02538)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 22, 2020

Before: McKEE, BIBAS, and NYGAARD, *Circuit Judges*

(Opinion Filed: July 24, 2020)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

   Though a criminal defense lawyer must warn his client if a guilty plea may lead to his

removal from the country, the lawyer need not predict whether the Government will actu-

ally remove his client.

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

Hea Thai is a lawful permanent resident from Cambodia. In 2008, he was charged with federal drug crimes. Thai's lawyer correctly advised him that if he pleaded guilty, he would be "subject to removal." II JA 100; *see* 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii). His lawyer also told him that, at the time, the United States was not removing people to Cambodia. Thai pleaded guilty and was sentenced to 33 months' imprisonment.

While Thai was in prison, an immigration judge ordered him removed. He was released from prison in 2012 but has not yet been removed because Cambodia has not authorized his return. Five years after his release, he filed this petition for a writ of error coram nobis. He argued that his guilty plea was invalid because counsel never warned him of the immigration consequences of pleading guilty, as required by *Padilla v. Kentucky*, 559 U.S. 356 (2010).

After hearing testimony from Thai and his lawyer, the District Court denied Thai's petition. The court credited counsel's testimony that he had warned Thai of the possibility of removal and discredited Thai's testimony to the contrary. So it found no ineffective assistance of counsel. In the alternative, it found that Thai had no good reason for waiting seven years to seek relief and that his plea agreement waived his right to bring this collateral attack.

Thai now appeals. We review the District Court's factual findings for clear error and its legal conclusions de novo. *Ragbir v. United States*, 950 F.3d 54, 60 (3d Cir. 2020). We defer to its credibility determinations. Fed. R. Civ. P. 52(a)(6); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 215 F.3d 407, 409 (3d Cir. 2000).

Coram nobis lets a petitioner who is not in custody challenge his conviction for "fundamental defects," including ineffective assistance of counsel. *United States v. Rad-O-Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir. 1979). To get relief, a petitioner must show that he: "(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) [had] sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." *Ragbir*, 950 F.3d at 62. A petitioner must satisfy all five requirements.

Thai's claim fails on both the third and fifth elements. On the fifth one, Thai's guilty plea rested on no "fundamental" error. Thai claims that his lawyer never warned him that he could be removed. But the District Court "largely discredit[ed]" Thai's testimony as "contradictory [and] demonstrably false." I JA 5. Instead, it credited Thai's lawyer, who said he "definitely" told Thai that if he pleaded guilty, he would be subject to removal. II JA 119. We see no reason to second-guess the District Court's findings on credibility.

Thai also argues that even this warning of removal was not enough. He submits that his lawyer should have told him "unequivocally" that he would "*certainly*" be removed. Appellant's Br. 30. But *Padilla* requires no such thing. Defense lawyers must warn their clients of the "risk of deportation," not predict with certainty whether removal will happen. 559 U.S. at 367.

Plus, on the third element, we see no sound reason for Thai's seven-year delay in seeking relief. He blames that delay on his lawyer's alleged assurances, but the District Court disbelieved those allegations. And Thai never appealed or filed a habeas petition, even though the judge at his plea hearing warned him that his plea would make him removable

3

and he knew he could get free appellate counsel. In fact, Thai admits that he sought relief only after he learned that Cambodia was once again accepting deportees from the United States. That is not a sound reason for delay. *See Ragbir*, 950 F.3d at 63.

In any event, as the District Court found, Thai knowingly and voluntarily waived his right to collaterally attack his plea agreement. Because his counsel was effective, enforcing Thai's waiver does not "work a miscarriage of justice." *United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015).

\* \* \* \* \*

*Padilla* instructs defense lawyers to warn their clients of the risk of removal, not to predict actual removal. Thai's lawyer warned him of that risk. That is all *Padilla* requires. So we will affirm the District Court's denial of relief.